JOHN A. ELMORE, Appellant, v. ELIZABETH B. SNOW et al., Respondents.— HERLIHY, J. Appeal by plaintiff from an order and judgment of Special Term, Albany County, which granted summary judgment to the defendants. Special Term found as a matter of law that the contract upon which this action was based was illegal and void as an attempt to illegally obtain the benefits of a marital deduction under both the Federal and State estate tax laws. The plaintiff is the son of the wife of Edward J. Boughton by a former marriage. The defendants are the children and sole heirs of the said Edward J. Boughton. Prior to March 1, 1957 Edward J. Boughton had executed a will by which he created a trust for his wife of a one-half share in his interest in certain New York State real property with the power of appointment at and after her death of the remainder of the said trust. On March 1, 1957 Boughton entered into a contract with the plaintiff which recited that his wife would be able to appoint all of the property to the plaintiff if she survived Boughton or if she did not survive Boughton, the plaintiff might receive nothing. Boughton agreed to devise to the plaintiff one quarter of his interest in the said real property and the plaintiff agreed that if he should receive more than one quarter of the said real property he would reconvey the excess to or for the benefit of Boughton's children, the defendants herein. At the time this contract was entered into, Boughton's wife had a will appointing one quarter of the real property to the plaintiff and the rest to or for the defendants. The plaintiff, by his unverified reply to the answer, admitted that the agreement was entered into in order to secure marital deduction benefit and also the one-quarter interest to himself, but denied that there was any intent to violate any statute or public policy. A reading of this agreement does not explicitly or by fair inference conclusively show any intent to suppress the agreement in the event that Boughton died before his wife and particularly in regard to estate tax proceedings. It is not necessary to infer on this motion such illegal intent from the mere fact that the contract grew out of Boughton's desire to have the maximum marital deduction. Such an intent, however, would have to rest also on the plaintiff's agreement to suppress. The admission by plaintiff of an intent to obtain the maximum marital deduction does not permit an inference that he had agreed to what might be an illegal suppression of the agreement on any estate tax proceedings. The Court of Appeals in *Meyer* v. *Price* (250 N. Y. 370, 378) stated "If there be two reasonable interpretations to an instrument, one making it illegal and the other legal, it is the duty of the courts to adopt the latter." Implicit in the decision of Special Term is the finding that this was a contract and that it was not a testamentary disposi-

tion. It appears that Boughton gave consideration insofar as he promised to give certain real property to the plaintiff and plaintiff gave consideration in that he surrendered the possibility that he might receive more than a one-quarter interest in the property. It was known by the parties at the time of the agreement that plaintiff had no legal interest in the property, but it was assumed that he would have and that he could receive more than one quarter of Boughton's then interest. This agreement was a detriment to the plaintiff in that he agreed to convey any interest which he might obtain beyond the one-quarter interest of Boughton's ownership. In regard to the defendants' argument that the agreement was testamentary, it appears that Boughton sought a present promise from the plaintiff, in return for which he made a promise to devise certain realty. Under such circumstances, this is not an attempted testamentary disposition but rather a contract. (Cf. *Ga Nun* v. *Palmer,* 216 N. Y. 603, 608, 609.) We do not decide the merits but on the present record it cannot be found as a matter of law that the agreement was illegal per se. Judgment reversed, on the law and the facts, and motion for summary judgment denied, with costs. Gibson, P. J., Reynolds, Taylor and Staley, Jr., JJ., concur.